UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC FINE,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF WESTPORT, TOWN OF<br>WESTPORT FIRE PENSION BOARD,<br>HELEN GARTEN, GORDEN JOSELOFF,<br>JOHN KONDUB, RON WOJINOSKI,<br>PATRICIA STRAUSS, GARY MARKS,<br>WESTPORT FIREFIGHTERS LOCAL 1081<br>INTERNATIONAL ASSOCIATION OF<br>FIREFIGHTERS, AFL-CIO,<br>    Defendants. | 3:10-cv-1785 (WWE) |

## **MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

In this action, plaintiff Eric Fine claims that defendants Town of Westport ("Town"), Westport Fire Pension Board ("Board"), Helen Garten, Gorden Joseloff, John Kondub, Ron Wojinoski, and Patricia Strauss (collectively "Town Defendants") improperly reduced his pension benefits. Plaintiff alleges that the Town Defendants are liable to him for violating his constitutional rights and for breach of contract. Plaintiff also asserts claims (1) that Gary Marks and Westport Firefighters Local 1081, International Association of Firefighters, AFL-CIO ("Union") violated his due process rights and (2) that the Union is liable to him for breach of contract. Now pending is the Town Defendants' motion to dismiss.

In his opposition to the motion to dismiss, plaintiff states that he pursues his claims against the individuals only in their official capacities. Upon review, the motion to dismiss will be granted in part and denied in part.

1

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the court accepts all allegations of the complaint as true.

The Town has a pension fund established in accordance with an agreement under state law between the Town and Union ("Fund Plan") for the benefit of the employees of the Town Fire Department.

The Union represents the uniformed and investigatory employees of the Westport Fire Department.

The Pension Board is responsible for carrying out the Fund Plan and managing the pension fund. According to Section 9.8 of the Fund Plan, the Pension Board has the exclusive right to interpret the Fund Plan and to decide any matter in connection with its administration. Section 12.5 of the Fund Plan states: "The determination of the Pension Board as to the identity of the proper payee of any benefit under the Plan and the amount of such benefit properly payable shall be conclusive . . . ."

From 1982 through 2005, plaintiff worked as a firefighter and technical specialist for the Westport Fire Department. From 2005 through June 2007, plaintiff served as the project manager and technical specialist for the implementation of a public radio communication system replacement and upgrade project for Westport. He continued to be employed by the Town Fire Department at this time.

From 1982 through June 2007, plaintiff was a member of the Union and participated in the pension fund for members of the Town Fire Department. During that time, plaintiff contributed a portion of his wages exceeding $98,190.

On July 2, 2007, plaintiff commenced a newly-created "exempt" non-union

2

position entitled Chief Specialist. In accepting this position, plaintiff understood that he would continue to be an employee of the Town Fire Department, would have firefighting duties and would participate in the pension fund. Plaintiff served as the Chief Specialist for the Town Fire Department until March 31, 2008. During that time, he made contributions to the pension fund.

On March 11, 2008, plaintiff notified the Chief of the Fire Department, Christopher Ackley, that he intended to retire effective April 1, 2008. On March 13, 2008, Gary Marks, President of the Union, opposed plaintiff's receipt of pension payments that included the period that plaintiff served as Chief Specialist on the basis that plaintiff was not a firefighter employee of the Fire Department during that time. However, the Pension Board voted to award plaintiff a pension that included his nine months of service as Chief Specialist.

By letter, the Town confirmed that the Pension Board had approved plaintiff's retirement request and that he would receive a monthly pension of $2,768.85 until he reached the age of 49, after which time it would increase to twice that amount. In another letter, the Town confirmed that plaintiff would receive $5,537.70 per month as a result of reaching the age 49.

On April 21, 2008, Marks and the Union filed a grievance challenging plaintiff's receipt of a pension. The grievance was denied. On June 17, 2008, Marks and the Union brought a grievance to the State Board of Mediation and Arbitration. Plaintiff was advised that he was not a party to the arbitration of this grievance.

On February 9, 2010, an arbitration panel ruled that the Town should "reform" plaintiff's pension to exclude the period after his appointment as Chief Specialist. The

arbitration panel also noted that plaintiff was entitled to the return of his contributions made during the time that he served in the non-firefighting position.

The Town did not appeal this ruling. On September 20, 2010, the Pension Board held a meeting to consider its responsive action to the ruling. Plaintiff attended the meeting and expressed his concern that reform of his pension would violate his due process rights because he had not been represented in the arbitration process.

The Pension Board voted to provide plaintiff pension benefits that did not include his service as Chief Specialist. Effective November 1, 2010, plaintiff's monthly pension was reduced from $5,642.92 to $3,534.54.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

4

Section 1983

Plaintiff asserts that the Town Defendants have violated the Fifth Amendment Takings Clause, the Fifth and Fourteenth Amendment Due Process Clauses and Article First of the Connecticut Constitution.

Federal Claims

Defendants argue first that the Fifth Amendment Due Process Clause does not apply to the municipal defendants. Ochoa v. City of West Haven, 2008 WL 4426960 (D. Conn. Sept. 26, 2008). The Court agrees and will dismiss this claim.

Defendants argue next that the Fourteenth Amendment due process claim must be dismissed because plaintiff has failed to allege a viable property right. In order to sustain a claim of procedural due process, a plaintiff must "first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process." Mehta v. Surles, 905 F.2d 595, 598 (2d Cir. 1990). To have a property interest for purposes of procedural due process, a plaintiff must have a legitimate claim of entitlement. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). In this instance, the dispute turns on interpretation of contractual terms of whether plaintiff qualified for pension fund participation. Such contractually-based claims have been held not to constitute protected property interests for purposes of due process claims. See Costello v. Town of Fairfield, 811 F.2d 782 (2d Cir. 1987).

Plaintiff's takings claim must also be dismissed. A takings claim is not ripe for adjudication unless plaintiff has exhausted the available state procedures for obtaining just compensation. Williamson County Reg'l Planning Comm'n v. Hamilton Bank of

5

Johnson City, 473 U.S. 172, 186 (1985).  Plaintiff has not alleged in the complaint that he has exhausted such state procedures.  Accordingly, rather than review this claim on the merits, the Court will dismiss it without prejudice.  Plaintiff may replead the claim to include such allegations if possible.

### State Constitutional Claims

Plaintiff claims violation of the equal protection and due process clauses of the Connecticut Constitution Article I, Section 8, and a taking in violation of Article I, Section 8.  The Town Defendants argue that these claims must be dismissed because there is no private cause of action for damages under Article I, Section 8.  Kelley Property Development Inc. v. Lebanon, 226 Conn. 314, 331 (1993), and because no taking occurred that would be actionable under the Connecticut Constitution.  Plaintiff has not posed opposition to dismissal of these state law claims.  Accordingly, these claims will be dismissed absent objection and upon review of the merits.

### Contract Claims

Plaintiff asserts breach of contract claims against the Town, alleging that it breached the terms of the Fund Plan and his employment agreement by reforming his pension in accordance with the arbitration ruling.  The Town Defendants argue that these claims are barred by Fennell v. City of Hartford, 238 Conn. 809 (1996).  In Fennell, the plaintiffs claimed that certain language in a pension manual disseminated by the Police Commission constituted an implied contract that lump sum payments for sick time should be included in the calculations for their pensions.  However, according to the municipal charter, only the Common Council had the power to amend municipal employees' retirement funds.  Accordingly, the Connecticut Supreme Court held that the

6

pension manual had not created a contractual obligation because agents of a City have no source of authority beyond the charter and only the Common Council had such authority to create a binding contractual obligation.

Plaintiff contends that the complaint alleges an express contract with the Town that his Chief Specialist position would be included within the Pension Fund. He alleges that, "[i]n accepting the promotion to Chief Specialist, Plaintiff Eric Fine understood from the Defendant Westport that he would continue to be an employee of the Westport Fire Department, that he would continue to have firefighting duties as assigned by the Fire Chief, and that he would continue to be an employee within the Pension Fund under the Fund Plan." The complaint also states that he "relied upon the contractual undertaking of the Defendant Union, the Defendant Westport, and the Defendant Pension Board that as an employee of the Westport Fire Department he would receive a pension in accordance with the terms of the Fund Plan, including his time of service as the Chief Specialist." The Town Defendants counter that he should have alleged the identity of the person who made the agreement to have the Chief Specialist position included within the pension fund. However, the Court finds that such specificity is not required for pleading a sustainable contract claim even under the Iqbal and Twombly standard. Defendants may challenge plaintiff's proof relevant to the validity of the alleged contracts on summary judgment.

In their Reply brief, the Town Defendants argue that the contract provides the Pension Board with unfettered discretion, and therefore, the Court lacks jurisdiction to consider a breach of contract claim. Plaintiff has not had an opportunity to respond to this argument, and the Court prefers to consider the terms of a contract on summary

judgment. Accordingly, the Court will deny the motion to dismiss on the contract claims.

## CONCLUSION

For the foregoing reasons, the Town Defendants' motion to dismiss (doc. # 20) is GRANTED in part and DENIED in part. The federal due process claims are dismissed with prejudice, and the federal takings claim is dismissed without prejudice. The state constitutional claims are dismissed with prejudice.

Plaintiff should file an amended complaint consistent with this ruling within ten days of this ruling's filing date.

Dated this _13th___ day of June, 2011 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge